TRIO'S, INC., Plaintiff,

v.

JONES SIGN CO., INC., Defendant-Appellant,

CONTINENTAL CASUALTY COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 88-1718. Submitted on briefs February 23, 1989.—Decided
June 14, 1989.*

(Also reported in 444 N.W.2d 443.)

On behalf of the defendant appellant, the cause was submitted on the briefs of *Winston A. Ostrow* of *Godfrey & Kahn, S.C.* of Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Felix Landau* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Scott, C.J., Brown, P.J., and Sundby, J.

SCOTT, C.J.   Jones Sign Co., Inc., appeals from an order of the trial court which dismissed its insurer, Continental Casualty Company, from a lawsuit brought by Trio's, Inc., against Jones Sign. Jones Sign argues that Continental's policy provides coverage for the alleged loss of profits suffered by Trio's due to Jones Sign's negligence. Because we conclude that Trio's damages are excluded from coverage by the insurance policy, we affirm.

The facts as alleged in the complaint are that Trio's is a corporation engaged in the restaurant business. Trio's and Jones Sign entered into a contract whereby Jones Sign would remove an existing outdoor sign and furnish a new neon sign to promote Trio's restaurant. The sign did not function properly, and Trio's alleged that Jones Sign was negligent in its fabrication and workmanship.

Trio's brought suit and claimed: (1) direct damages of $5820 based on the contract price; and (2) conse-

quential damages of $36,000 in lost revenues. Only the latter item of damages is the subject of this appeal.[1] Upon Continental's motion, and following briefing and oral argument to the trial court, Continental was granted declaratory judgment and dismissed from the case. The trial court reasoned that "there has to be a showing of tangible property losses before the diminished value, uselessness of the product can be claimed for as being covered under the policy." Jones Sign appealed.

The relevant provisions of the comprehensive general liability policy which Continental issued to Jones Sign are as follows:

> This insurance does not apply:
>
> . . ..
>
> (n) to *Property Damage* to the *Named Insured's Products* arising out of such products or any part of such products;
>
> (o) to *Property Damage* to work performed by or on behalf of the *Named Insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.
>
> . . ..
>
> *Named Insured's Products* means goods or products manufactured, sold, handled or distributed by the *Named Insured* or by others trading under his name including any container thereof (other than a vehicle), but *Named Insured's Products* shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold.
>
> . . ..
>
> *Property Damage* means (1) physical injury to or destruction of tangible property which occurs during

---

[1] Jones Sign conceded at trial that coverage did not exist for the direct damages.

the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *Occurrence* during the policy period.

Construction of an insurance policy is a question of law which we review without deference to the trial court. *St. John's Home v. Continental Casualty Co.,* 147 Wis. 2d 764, 781, 434 N.W.2d 112, 119 (Ct. App. 1988).

We conclude that the damage alleged by Trio's with regard to lost profits is excluded from coverage because the damage is to Jones Sign's product, i.e., the sign. For guidance, we have looked to *Sola Basic Industries, Inc. v. United States Fidelity & Guaranty Co.,* 90 Wis. 2d 641, 280 N.W.2d 211 (1979). In *Sola,* the supreme court derived the following from cases involving similar exclusions:

1) The exclusions eliminate coverage for injury to or destruction of the product furnished or work completed by the insured; 2) if the defect in the product furnished or the work completed of the named insured causes damage to other tangible property, there is coverage for such damage to other property; 3) the term "property damage" to tangible property does not necessarily require physical damage; 4) tangible property may be damaged in that it is diminished in value or made useless, irrespective of actual physical injury to the tangible property.

*Id.* at 653–54, 280 N.W.2d at 217.

The language from *Sola* and the policy language agree that property damage need not be physical damage, but can be loss of use or diminished value of tangible property. This tangible property must be something

383

other than the product furnished by the named insured. *See id.*

The restaurant building operated by Trio's qualifies as "other" tangible property. However, it is not alleged that part of the *building* was rendered unusable by the malfunctioning sign. Rather, the lost profits are alleged to be caused by loss of use of the *sign.* Because the sign did not work properly, Trio's alleges that customers did not patronize them. However, the building would have been able to accommodate them if customers had patronized them.

This situation is very different from the one presented in *Sola.* There, the defective product was a transformer. The damaged transformer also rendered the plaintiff's electric furnaces unusable. *Id.* at 647, 280 N.W.2d at 214. It was the loss of use of the furnaces and the accompanying diminution in value of the plant for which coverage existed. *See id.* at 654, 280 N.W.2d at 217.

This is also in line with *Employers Casualty Co. v. Brown-McKee, Inc.,* 430 S.W.2d 21 (Tex. Civ. App. 1968), a case cited by the court in *Sola.* There, the plaintiff had been deprived only of the defective product—a grain elevator—and the lost revenues caused thereby were excluded from coverage. *Id.* at 25.

Turning back to the policy definitions, property damage includes "loss of use of tangible property." Here, Trio's lost the use of the sign, which is, of course, tangible property. Therefore, under the policy definitions, Trio's has suffered property damage to the sign. Looking to the exclusions, Continental's policy does not apply "to Property Damage to the Named Insured's Products arising out of such products." The sign is a product of the named insured and the damage is alleged to have arisen

out of the defective nature of the sign. As a result, there is no insurance coverage for property damage—in the form of loss of use—to the sign.

Just as in *Brown-McKee,* the lost profits in this case are a measure of damages for loss of use of the insured's product. Because the insurance policy unambiguously excludes from coverage damage to the insured's product, Continental was properly dismissed from the case.

*By the Court.*—Order affirmed.